## COMMERCIAL MUTUAL INSURANCE COMPANY *vs.* WILLIAM McLOON.

A bill in equity brought by an insurance company, praying that a policy of insurance, which has been obtained from them by fraud, may be delivered up to be cancelled, and also that a commission may issue for the examination of witnesses, is not multifarious.

BILL IN EQUITY brought by a marine insurance company established in New York, setting forth that on the 15th of February 1866 the defendant was or pretended to be the owner of a merchant ship called The Young Mechanic; that on that day he effected two policies of insurance with the plaintiffs, one upon said ship for $5000, and the other upon her freight for $2500, for a voyage from Boston to Hong Kong; that it was then represented that the ship was tight, stanch, and in all respects sea worthy; that it was his intention to have her make said voyage with reasonable despatch; that her value was $65,000, and her cargo was to be chiefly ice; that she sailed from Boston on the

5th of March 1866 on her pretended voyage; that before her departure the defendant had obtained other insurances upon her amounting to $67,500; that on the 10th of April 1866, while off the coast of South America, she was destroyed by fire; that at the time of obtaining the insurance from the plaintiffs she was not tight, stanch and sound, seaworthy and competent for the voyage, and the representations in respect thereto were false, and known to be so by the defendant; that it was never intended that she should perform the voyage; that her valuation was grossly excessive; that said false representations were made for the purpose of inducing the plaintiffs to issue said policies; that the defendant then intended that she should not perform said voyage, but that she should be destroyed and the insurance moneys obtained thereby; that in pursuance of this purpose the defendant conspired with the master of the ship to prevent her from performing her voyage by destroying her; that the master accordingly, in pursuance of said plan, caused her to be fired and totally destroyed on said 10th of April; that said policies were obtained from the plaintiffs with the fraudulent purpose and intent of defrauding the plaintiffs; that the defendant still holds the policies and refuses to surrender them to be cancelled, but pretends to have a claim thereon for a total loss; that the evidence of the facts above set forth is now in possession of the plaintiffs, but the defendant neglects to bring an action for his alleged claim, and the witnesses cognizant of the facts are seafaring men, and have no fixed or permanent place of abode, so that they can be relied upon to appear as witnesses to the facts aforesaid at some remote and uncertain time in the future. The prayer was, that an immediate commission might issue for the examination of witnesses to the facts aforesaid at Boston, New York, Rockland (Maine) and other places, and that the defendant might be ordered to surrender the said policies to the plaintiffs to be cancelled; and for other relief.

The defendant demurred to the bill, assigning as cause of demurrer that the bill, being a bill to perpetuate testimony, contained a prayer for general relief, and a prayer that the defendant might be decreed to deliver up the policies.

Taylor v. Columbian Insurance Company & trustee.

The case was reserved by *Gray*, J., for the determination of the full court.

*N. St. J.·Green*, for the defendant, cited 2 Story on Eq. § 1505; Story Eq. Pl. § 306.

*W. D. Booth* (of New York) *& T. W. Clarke*, for the plain tiffs.

Hoar, J. The demurrer is supported in argument upon the single ground that the bill is a bill to perpetuate testimony merely, and that its prayer for relief makes it multifarious. But the defendant does not attempt to controvert the position, that if the prayer to take testimony were stricken out, the bill would present a proper case for equitable relief. It alleges, by formal and sufficient averments, that the defendant obtained a policy of insurance by fraud, which gives him an apparent cause of action, from which the plaintiff is in danger; and prays that this policy may be given up and cancelled. The authorities are abundant to show that a bill for this purpose may be sustained.

The prayer that a commission may issue to take testimony does not seem to us to make such a bill multifarious. There is no prayer to perpetuate testimony; and asking that a commission may issue to take testimony, though unnecessary to be inserted in the bill, and unusual, is merely a prayer for one of the common incidents of the suit, which does not in any degree affect the general scope of the bill, or impair its force or efficiency. It is superfluous, but adds no new or incongruous cause of action.  *Demurrer overruled.*